IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH KNIGHT COX,

    Petitioner,                  No. CIV S-08-2107 LKK CKD P

    vs.

JAMES A. YATES,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2006 Yolo County convictions and sentences for several sex offenses. On May 12, 2010, a magistrate judge previously assigned to this case recommended that all of the claims in petitioner's habeas petition be rejected with the exception of petitioner's claim that his sentence violates the Due Process Clause of the Fourteenth Amendment because the fifteen-years-to-life sentences imposed on counts 8, 14 and 15 are longer than authorized by California statute. The magistrate judge recommended that the sentences imposed on counts 8, 14 and 15 be vacated. Respondent filed objections to the findings and recommendations on May 28, 2010.

/////

/////

On July 28, 2010, the district court judge assigned to this case adopted the May 12, 2010, findings and recommendations except for the due process claim described above which he remanded for reconsideration in light of respondent's objections. Petitioner was afforded an opportunity to respond to the objections, but did not. Thus the only issue before this court is a consideration of the petitioner's claim that his sentence exceeded that which was authorized by statute because of the way the enhancement was pled in the information.

I. <u>Standard For Habeas Corpus Relief</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. <u>Fry v. Pliler</u>, 551 U.S. 112, 119 (2007).

<blockquote>
particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in <u>Williams</u> [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.
</blockquote>

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002).

  The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002).

  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).

  "[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington v. Richter</u>, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." <u>Id</u>. at 785.

  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. <u>Harrington</u>, 131 S. Ct. 786.

  If the state court does not reach the merits of a particular claim, <u>de novo</u> review applies. <u>Lewis v. Mayle</u>, 391 F.3d 989, 996 (9th Cir. 2004).

/////

/////

3

II. <u>May 12, 2010 Findings and Recommendations</u>

The May 12, 2010 findings and recommendations regarding the remanded due process claim read as follows:[2]

> Petitioner makes several arguments regarding his sentence. First, petitioner claims his sentence violates the Due Process Clause of the Fourteenth Amendment because it is longer than a sentence authorized by state statute. Pet. at 25-29. See <u>Wasko v. Vasquez</u>, 820 F.2d 1090, 1091 n. 2 (9th Cir. 1987).
>
> Petitioner was sentenced to, among other things, three consecutive terms of fifteen-years-to-life imprisonment on counts 8, 14, and 15. CT 678. The sentences were imposed pursuant to the version of California Penal Code § 667.61(b) in effect between 1998 and 2006.[3] That statute reads as follows:
>
>> . . . [A] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years . . .
>
> With respect to count 8, petitioner was found guilty of committing a lewd and lascivious act as defined in California Penal Code § 288(a) on M.D. CT 632. As for counts 14 and 15, petitioner was found guilty of committing § 288(a) lewd and lascivious acts upon H.G. CT 639 & 641. Committing a § 288(a) lewd and lascivious act is an offense "specified" in subdivision (c) of California Penal Code § 667.61 at § 667.61(c)(7)[4] and one of the circumstances "specified" in subdivision (e) of § 667.61(e)(5) is that "the defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim."
>
> Petitioner claims the sentence enhancements imposed under § 667.61(b) are invalid because certain facts supporting the

---

[2] For a summary of the facts presented at trial, please refer to the May 12, 2010 findings and recommendations.

[3] All references to California Penal Code § 667.61 are to the version in effect between 1998 and 2006.

[4] California Penal Code § 667.61(c)(7) reads as follows: "A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066." Petitioner does not allege that he qualified for probation under California Penal Code § 1203.066(c).

4

enhancements had to be explicitly pled and they were not. California Penal Code § 667.61(I) requires that "[f]or any of the penalties provided in [§ 667.61] to apply, the existence of any fact required under subdivision . . . (e) shall be alleged in the accusatory pleading. . ." Therefore, for petitioner to have been eligible for the enhancements he in fact received, the charging documents had to explicitly indicate that enhancements under § 667.61(b) are applicable because petitioner committed an offense specified in subdivision (c) of 667.61, that is, lewd and lascivious conduct, and the offense was committed under a circumstance specified in subdivision (e) of 667.61, that is, that petitioner committed the offense against more than one victim. See People v. Mancebo, 27 Cal.4th 735, 743-745 (2002).

The Court of Appeal agreed that the multiple victim enhancement was not pled in compliance with § 667.61. However, the court affirmed petitioner's sentence finding that any error was harmless because: 1) petitioner was informed in the charging documents that the state would seek to have his sentence enhanced pursuant to California Penal Code § 667.61(b), CT 37-38, and the multiple victim basis for the enhancement was the only basis which could make the § 667.61(b) enhancement apply; and 2) the record does not suggest that petitioner would have presented any defense other than the one he presented if he had been explicitly charged with the multiple victim enhancement. Resp't's Lodged Doc. #4 at 34-35. What the Court of Appeal failed to recognize is that because the § 667.61(b) enhancement was not adequately pled for purposes of § 667.61, petitioner was deprived of his Constitutional right to be sentenced to a term of imprisonment only to the extent authorized by state statue. See Wasko v. Vasquez, 820 at 1091 n. 2. Section § 667.61(I) indicates the § 667.61 enhancements can only apply if certain requirements are met and they were not.

As for 28 U.S.C. § 2254(d), it is clearly established by the Supreme Court of the United States that a person convicted of a crime has a right to a sentence that is no longer than one authorized by statute. See Board of Pardons v. Allen, 482 U.S. 369, 381 (1987) (failing to grant inmate parole when required by statute violates due process); Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (where state statute has provided for the imposition of sentence in the discretion of the jury, it is a violation of due process to take discretion away from jury); and Whalen v. U.S., 445 U.S. 684, 690 (1980) (District of Columbia defendant denied due process when he was ordered to serve consecutive sentences because Congress had not authorized imposition of consecutive sentences). Therefore, § 2254(d) does not act as a bar to habeas relief because the California Supreme Court and Court of Appeal's rejection of petitioner's claim concerning the § 667.61(b) enhancement is contrary to Supreme Court precedent identified above.

/////

III. <u>Respondent's Objections</u>

In his objections, respondent asserts petitioner's sentence was authorized by California law given provisions of California law concerning "harmless error." Essentially, under Article VI, Section 13 of the California Constitution, California Penal Code §1404 and interpretive case law, errors which occur at criminal trials cannot automatically result in relief without a showing of prejudice. Respondent asserts the pleading error which occurred in this case was not prejudicial, as described by the California Court of Appeal above, to warrant vacating the sentences imposed on counts 8, 14 and 15.

IV. <u>The Pleadings</u>

The petitioner was charged by an information filed on March 14, 2005. The information included sixteen counts, and referenced three separate victims (E.G., M.D., and K.G.). At the end of the information, the following language was included:

> CASE Enhancement a: It is further alleged that JOSEPH KNIGHT COX is a person described in Section 667.61(b) of the California Penal Code, ENHANCEMENT FOR SEXUAL OFFENDERS, in that the offenses described above in Counts ONE (1) through SIXTEEN (16) were committed under one of the circumstances specified in Section 667.61(e) of the California Penal Code.

A review of Section 667.61(e) reveals seven subsections, including subsection (5) which reads, "the defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." It is undisputed that the information failed to include a citation to subsection (5), but the import of that omission is the subject of the dispute herein.

V. <u>Analysis</u>

Having carefully considered the issue, the court finds that petitioner has not shown that any right guaranteed to him under federal law has been violated. Although the information failed to specifically reference the subsection at issue, all of the facts which needed to be found true for the sentencing enhancement in California Penal Code § 667.61(b) to apply

6

were properly pled in the indictment and were found true by a jury.  The question, then, is whether the failure to cite the sentencing enhancement subsection at issue deprived the petitioner of a constitutional right. The court finds it did not.

It is clear that every criminal defendant in state or federal court has a right to prior notice of charges to be presented at trial.  Cole v. Arkansas, 333 U.S. 196, 201 (1948).  The import of this right is that every defendant must be able to prepare a defense.  Gautt v. Lewis, 489 F.3d 993, 1002 (9th Cir. 2007).  But what notice is required is the precise issue here: is it required that a specific citation be given, or it is adequate to apprise the defendant through some other appreciable way?[5]  The court finds that in this case petitioner was afforded ample warning of the state's intention to seek a sentencing enhancement based on the pleading he was given which set out multiple counts with multiple victims, and invoked the sentencing enhancement statute (§ 667.61(b)).  As the purpose of a pleading is to give notice to a defendant of what he must defend against, that was done; there is nothing in this case which suggests that any further clarity in the pleadings would have caused petitioner to defend the charges against him differently.  This court concludes that what is at issue here is a technical pleading defect which does not run afoul of federal Constitutional guarantees.  To hold otherwise would be to elevate form over substance.

Furthermore, petitioner is precluded from obtaining relief by 28 U.S.C. § 2254(d). The California Court of Appeal, the last court to give a reasoned opinion with respect to any of petitioner's claims, also found that petitioner's federal right to prior notice of charges was not violated.  The court has reviewed the decision of the Court of Appeal and finds that it is not

/////

---

[5] Indeed, in Gautt, the Ninth Circuit, after reviewing the relative dearth of Supreme Court opinions on this issue, wrote that to satisfy the Constitutional guarantee that a defendant be informed of any charges against him, "the charging document need not contain a citation to the specific statute at issue; the substance of the information, however, must in some appreciable way apprise the defendant of the charges against him so that he may prepare a defense accordingly." Id. at 1004.

contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

The court is cognizant of the May 10, 2010, findings and recommendations in which the magistrate judge found the California Court of Appeal's rejection of petitioner's claim was contrary to Supreme Court precedent. The court feels compelled to respectfully disagree. Indeed, none of the Supreme Court cases cited by the magistrate judge in support of the assertion that 28 U.S.C. § 2254(d) does not preclude relief involve pleading issues: Board of Pardons v. Allen, 482 369, 381 (1987) concerns denial of parole; Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) concerns the degree of discretion to be given to jurors regarding sentencing; and Whalen v. United States, 445 U.S. 684, 690 (1980) concerns imposition of consecutive sentences when not authorized by statute. The court agrees that these cases do stand for the more general proposition that states must adhere to laws they create regarding sentencing matters. But, as explained above, this court considers the issue before the court to be whether the pleadings conformed to the requirements of the Constitution since petitioner's sentence is authorized for the acts the jury found he committed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's claim that his sentence violates the Due Process Clause of the Fourteenth Amendment, in that his sentence is longer than authorized by state statute, be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of

1 the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 23, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cox2107.157(2)