IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH KNIGHT COX,

    Petitioner,  No. CIV S-08-2107 LKK CKD P

  vs.

JAMES A. YATES,

    Respondent.  ORDER

_____/

Plaintiff, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262 ("petitions for post-trial relief made by individuals convicted of criminal offenses").

On May 12, 2010, then-Magistrate Judge Mueller filed the first set of Findings and Recommendations. Dkt. No. 17. The Magistrate Judge found, among other things, that the state had failed to include a required sentencing enhancement element in its pleading, but that the court had granted the enhancement anyway. Findings and Recommendations (Dkt. No. 17) § III(C)(1). This resulted, the Magistrate Judge found, in petitioner receiving a sentence that was longer than was authorized by state statute. Accordingly, the Magistrate Judge recommended

that the sentence be vacated and remanded to the state court for re-sentencing.

The state objected. It conceded the pleading error, but argued that it was "harmless," for several specified reasons, including that the information (the charging document) notified petitioner that the enhancement would be sought even though it failed to include the required language, the jury "impliedly" considered the enhancing elements, and there was no evidence petitioner would have conducted his defense differently if the language had been included. The state argued that Cal. Penal Code § 1404 rendered the enhanced sentence valid where the pleading error was harmless. The penal code provides:

> Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.

Cal. Penal Code § 1404

This court adopted the Findings and Recommendations except for Section III(C)(1). The court instructed petitioner to respond to the state's arguments regarding its allegedly harmless error. The Magistrate Judge granted petitioner thirty (30) days to file his response, but petitioner never responded.

On December 23, 2011, Magistrate Judge Delaney issued Findings and Recommendations.[1] The Magistrate Judge did not address the state's harmless error objections. After respectfully disagreeing with the earlier Findings and Recommendations, the re-assigned Magistrate Judge found instead that the original Findings and Recommendations were in error, and that petitioner had suffered no constitutional wrong. Petitioner has filed no objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. R. 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, this court declines to adopt the December 23, 2011 Findings and Recommendations, although it

---

[1] The case was re-assigned to Magistrate Judge Delaney following the elevation of Judge Mueller to be district judge.

1  agrees with the conclusion that the petition should be denied.

2  This court believes the matter is best decided upon the original Findings and
3  Recommendations and the respondent's objections thereto.  This court remanded the matter to
4  the Magistrate Judge for further consideration in light of the Section 1404 argument, after
5  instructing petitioner to respond to it.

6  Petitioner having failed to contest respondent's legal and factual showing that the error
7  complained of was harmless, the court  finds that the petition should accordingly be denied..

8  Accordingly, IT IS HEREBY ORDERED that

9  1.  The court declines to adopt the Findings and Recommendations (Dkt. No. 23);
10 and

11 2. Petitioner's 28 U.S.C. § 2254 claim that his sentence violates the Due Process Clause
12 of the Fourteenth Amendment in that his sentence is longer than authorized by state statue is
13 DENIED;

14 3. This case is closed; and

15 4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. §
16 2253.

17 DATED: June 26, 2012.

```
                          /s/ Lawrence K. Karlton
                          LAWRENCE K. KARLTON
                          SENIOR JUDGE
                          UNITED STATES DISTRICT COURT
```

3